UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No.: 25-cv-2791

| | |
|---|---|
| Shawna L. Edwards,<br><br>    Plaintiff,<br>v.<br><br>Rausch Sturm LLP, Synchrony Bank, and ABC Legal Services LLC,<br><br>    Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. This action arises out of Defendant Rausch Sturm LLP ("Defendant Rausch"), Defendant Synchrony Bank ("Defendant Synchrony"), and Defendant ABC Legal Services LLC ("Defendant ABC Legal") (collectively "Defendants") violations of the Bankruptcy Stay 11 U.S.C. § 362, Invasion of Privacy, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 11 U.S.C. § 362, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

1

## PARTIES

4. Plaintiff Shawna Edwards (hereinafter "Plaintiff"), is a natural person obligated or allegedly obligated to pay a debt, who resides in the City of St. Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant ABC Legal is a process server whose principal purpose is to serve legal processes. Its headquarters are located at 1099 Stewart St., Suite 700, Seattle, WA. Defendant ABC Legal has an agent for service in Minnesota at Corporation Service Company, 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, WA 98501.

6. Defendant Rausch is a law firm with its principal place of business located at 300 N. Executive Dr., Suite 100, Brookfield, WI 53005. Defendant Rausch's agent for service is Corporation Service Company, 2780 Snelling Ave N, Suite 101, Roseville, MN 55113. Defendant Rausch is a "debt collector," as defined by § 1692a(6) of the FDCPA, as it uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant Synchrony is a federally chartered savings association that regularly conducts business in said State. Defendant Synchrony has a principal place of business located at 170 West Election Road, Suite 125, Draper, UT 84020.

## FACTUAL SUMMARY

8. Sometime before 2024, Plaintiff incurred a debt with a credit card company, Defendant Synchrony, specifically incurring charges for a "consumer debt", as that term is defined at 15 U.S.C. § 1692a(5).

9. Plaintiff unable to pay her financial obligations, commenced a Chapter 7 Bankruptcy on February 26, 2025, U.S. Bankruptcy Court, District of Minnesota, Case No. 25-30551.

10. According to the United States Bankruptcy Court records on February 27, 2025, Defendant Synchrony received notice of Plaintiff's bankruptcy via the Bankruptcy Noticing Center.

11. Plaintiff works for Federal Express as a "pre-loader" and her hours are typically the third shift from approximately 9 or 11PM-10AM.

12. Despite receiving notice of Plaintiff's Chapter 7 bankruptcy, Defendant Synchrony hired Defendant Rausch to file suit against Plaintiff for the debt included in her bankruptcy, in violation of 11 U.S.C. § 362.

13. Defendant Synchrony sent a notice or in some way communicated to Defendant Rausch that Plaintiff had filed for bankruptcy.

14. In the alternative, Defendant Rausch used or should have used bankruptcy scrub procedures and was aware or should have been aware that Plaintiff had filed for bankruptcy.

15. On May 8, 2025, Plaintiff's bankruptcy attorney's office emailed a Notice of Bankruptcy Filing directly to Defendant Rausch.

16. Despite the direct notice of Plaintiff's bankruptcy, Defendant Rausch hired Defendant ABC Legal to act as its agent and serve Plaintiff with a Summons and Complaint on the Synchrony debt included in her bankruptcy.

17. Defendant ABC Legal then at the instruction, control, and supervision began attempting to serve Plaintiff with a Ramsey County District Court lawsuit on behalf of Defendants Synchrony and Rausch, in violation of 11 U.S.C. 362.

18. In May 2025, Defendant ABC Legal began to attempt service daily.

19. Specifically, Defendant ABC Legal attempted service on May 17, May 19, May 20, and May 21, in a harassing and oppressive way, including but not limited to pounding on Plaintiff's door and holding the doorbell down, opening Plaintiff's backyard gate, and taking photos of her house

20. Plaintiff's bankruptcy attorney contacted Defendant ABC Legal on May 19, 2025, at 4:27 p.m. and put it on direct notice that any and all attempts to serve Plaintiff violated her bankruptcy stay.

21. Defendant ABC Legal acknowledged the attorney's call and said that all efforts to serve Plaintiff with the Summons and Complaint would cease.

22. Despite also being put on direct notice by the Plaintiff's bankruptcy attorney, Defendant ABC Legal still sent representatives to attempt to serve the Plaintiff with the process on May 20 and May 21.

23. Each time Defendant ABC Legal attempted service, its representative would pound on Plaintiff's doors and windows, repeatedly, causing distress in Plaintiff, her teenage daughter, and her canine.

24. Plaintiff recorded the Defendants' agents arriving in vehicles with Minnesota license plates FWX981 and RWS675.

25. Defendant ABC Legal's representatives repeated attempts for service and how they would aggressively pound Plaintiff's doors and windows, creep around the premises looking in the windows, and would park outside the Plaintiff's house, causing her and her teenage daughter to fear leaving the house.

26. Due to Defendant ABC Legal's constant harassment, Plaintiff filed two police reports with the St. Paul Police Department. Case Numbers 25-082251 and 25-082539.

27. Because the debt was included in Plaintiff's bankruptcy, Defendants' demand for payment through filing a civil suit against Plaintiff for the debt included in her bankruptcy violated 15 U.S.C. §§ 1692d, 1692e, 162e(5), and 1692f.

28. Defendants' actions against Plaintiff described herein were done knowingly, consciously, deliberately, and willfully, despite Defendants having received and documented direct notice of Plaintiff's bankruptcy.

29. Plaintiff has suffered emotional distress, fear, frustration, confusion, stress, anxiety, and loss of sleep because of Defendants' illegal conduct.

**TRIAL BY JURY**

30. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

**BANKRUPTCY AUTOMATIC STAY INJUNCTION VIOLATION – 11 U.S.C. § 362 - AGAINST DEFENDANTS SYNCHRONY AND RAUSCH**

31. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

32. Defendant ABC Legal's actions by presenting to Plaintiff, through Defendants Rasuch and Synchrony, an attempt to collect on a debt that had been included in a bankruptcy, violated the bankruptcy stay.

33. Defendants' actions in attempting to collect the alleged debt included in Plaintiff's bankruptcy were willful.

34. In its actions above, Defendants have violated the Automatic Stay injunction of the Bankruptcy Code, including but not limited to 11 U.S.C. § 362.

35. Defendants' violations of the automatic stay injunction entitle Plaintiff to actual damages, attorney's fees, and costs, as well as punitive and/or exemplary damages under Sections 362(k) and any other applicable sections of the Bankruptcy Code. *See* T*aggart v. Lorenzen*, 2019 WL 2331303 (June 3, 2019).

36. Defendants knowingly, consciously, deliberately, and willfully violated the automatic stay injunction and are in contempt of the bankruptcy court. They are further punishable under Section 105(a) of the Bankruptcy Code.

## COUNT II.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.* – AGAINST DEFENDANT RAUSCH

37. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

38. Defendants Rausch and its agent Defendant ABC Legal's above-stated acts and omissions violate the FDCPA, including, but not limited to, each one of the above-cited provisions of the FDCPA described in the paragraphs above, 14-27.

39. Defendants Rausch's violations have caused Plaintiff actual damages in emotional distress and mental anguish.

40. As a result of Defendants Rausch's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages, under 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, according to 15 U.S.C. § 1692k(a)(3).

## COUNT III.

### INVASION OF PRIVACY - INTRUSION UPON SECLUSION –
### AGAINST ALL DEFENDANTS

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendants intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs when, despite having the knowledge that Plaintiff had filed for personal bankruptcy protection, Defendants continued to harass Plaintiff to collect a debt that was included in Plaintiff's bankruptcy petition. Defendant ABC Legal's harassment was so intense that it caused Plaintiff and her teenage daughter to fear

leaving the house, loss of sleep, and disruption to the peace and tranquility of their lives.

43. Defendants' intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

44. Plaintiff had a legitimate expectation of privacy in her solitude, seclusion, and private concerns and affairs.

45. As a result of the Defendants' intrusion, Plaintiff has suffered actual damages in the form of sleeplessness, frustration, fear, mental anguish, and emotional distress, and is entitled to an award of actual damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- Find Defendants in contempt of court for having knowingly, willfully, and deliberately violated the permanent injunction mandate and award Plaintiff actual damages, including attorney's fees and costs, as well as punitive and/or exemplary damages for said willful violations;
- An order be entered declaring that Defendant Rausch and its agent, Defendant ABC Legal's actions as described above violate the FDCPA;
- Judgment be entered against Defendant Rausch for actual damages, under 15 U.S.C. § 1692k(a)(1);
- Judgment be entered against Defendant Rausch for statutory damages under 15 U.S.C. § 1692k(a)(2)(A);
- The Court awards costs and reasonable attorney's fees, under 15 U.S.C. § 1692k(a)(3) against Defendant Rausch;
- Awarding actual damages for the Defendants' illegal intrusion upon Plaintiff's seclusion; and
- For such other and further relief as may be just and proper.

Dated: July 8, 2025.

Respectfully submitted,

By: <u>*s/ Thomas J Lyons Jr*</u>
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Carter B. Lyons, Esq.
Attorney I.D. #: 0403655
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Shawna Edwards, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not intended for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes outlined in it.

Dated this 28th day of June 2025.

s/Shawna Edwards
Shawna Edwards